[Civ. No. 1959.   First Appellate District.—September 15, 1916.]

## JAMES H. FORMAN et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

WORKMEN'S COMPENSATION ACT—SALESMAN OF REAL ESTATE—INJURIES IN HOTEL FIRE.—Injuries and losses by one employed as a salesman of real estate upon commission do not come within the scope of the Workmen's Compensation Act (Stats. 1913, p. 279), where they resulted from a fire in a hotel in which the employee was spending the night in a town to which he had been sent for the purpose of selling real estate and at which he was to remain indefinitely; and the employee is not entitled to recover compensation under said act from his employer.

APPLICATION originally made to the District Court of Appeal for the Third Appellate District for a Writ of Review to annul the action of the Industrial Accident Commission, awarding an employee compensation for injuries.

The facts are stated in the opinion of the court.

Redman & Alexander, for Petitioners.

Chris. M. Bradley, for Respondents.

THE COURT.—This is an application for a writ of review directed at a proceeding before the Industrial Accident Commission, wherein the respondent, Richard F. James, sought to recover compensation from his employer, James H. Forman, and the insurer of said employer Georgia Casualty Company, for injuries alleged to have been sustained during and in the course of his employment.

The stipulated facts are as follows: Richard F. James was employed by James H. Forman as a salesman for the purpose of selling real estate upon commission. The terms of his employment as such salesman did not call for regular working hours, but it was understood that he should make sales of real estate at any or such times as it was possible for him to secure a customer and complete the sale. Mr. James was directed by his employer to go to the town of Needles for the purpose of selling real estate there and to remain indefinitely. Mr. James went to said town for that purpose, and while

there took a room in the White House Hotel, where, on the evening of February 28, 1916, he retired for the night. At or near the hour of 4:15 A. M. of February 29th a fire broke out in the White House Hotel, which destroyed the hotel and in which Mr. James lost his clothing and effects, and was also burned about the hands and arms and face in escaping from the fire. For the injuries thus suffered he made application for compensation from his employer before the Industrial Accident Commission, and upon a hearing was awarded the sum of $365.90. A petition for rehearing was presented and denied by the commission, whereupon the petitioners herein applied to this court for a writ of review.

We are of the opinion that this case is one which does not come within the scope of the Workmen's Compensation Act (Stats. 1913, p. 279). Section 12a of the act provides as follows: "Liability for the compensation provided by this act, in lieu of any other liability whatsoever, shall, without regard to negligence, exist against any employer for any personal injury sustained by his employees by accident arising out of and in the course of the employment. . . . (2) Where, at the time of the accident, the employee is performing services growing out of and incidental to his employment and is acting within the course of his employment as such." It seems clear to us that the injuries and losses which the respondent James suffered cannot be held to have been sustained by an accident arising out of and in the course of his employment, nor to have occurred at a time when the employee was performing service growing out of and incidental to his employment and acting within the course of his employment as such; and that this view is fully sustained by the following authorities: *Gaskell* v. *Van Voorhies Co.*, 2 I. A. C. No. 14, p. 1020; *Green* v. *Shaw*, 5 Butterworth Comp. Cas. 573; *Kitchenam* v. *The Johannisberg*, 4 Butterworth Comp. Cas. 311; *Rodger* v. *Paisley Schoolboard*, 5 Butterworth Comp. Cas. 547; *Milliken* v. *Towle Co.*, 216 Mass. 293, [L. R. A. 1916A, 337, 103 N. E. 898]; *Bryant* v. *Fissell*, 84 N. J. L. 72, [86 Atl. 458]; and particularly the case of *Ocean Accident & Guaranty Co.* v. *Industrial Accident Commission of the State of California*, 173 Cal. 313, [159 Pac. 1041], decided by the supreme court in Bank September 8, 1916, and in which case the foregoing section of the Workmen's Compensation Act is given a very exhaustive review.

The award is therefore annulled.