Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of Mrs. BESSIE KASS, Respondent, as Mother, for the Death of SAUL KASS, *v.* HIRSCHBERG, SCHUTZ & COMPANY, Employer, and ÆTNA LIFE INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, March 11, 1920.

Workmen's Compensation Law — wholesale dealing in dress trimmings not hazardous occupation — no evidence to sustain finding that employer was engaged in " manufacture " — death of traveling salesman in hotel bedroom, caused by escaping gas, not in course of employment.

The mere wholesale dealing in dress trimmings is not a hazardous occupation within the meaning of the Workmen's Compensation Law.

There was no evidence to sustain a finding that the employer was engaged in the " manufacture " of dress trimmings, or of any goods whatever.

The death of a traveling salesman working his route did not arise out of and in the course of his employment where it appeared that he was killed at a hotel by gas escaping from a jet in his room.

APPEAL by the defendants, Hirschberg, Schutz & Company, from a decision and award of the State Industrial Commission, entered in the office of said Commission on the 9th day of July, 1919.

*James B. Henney* [*William H. Foster* of counsel], for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the respondents.

WOODWARD, J.:

The State Industrial Commission has made conclusions of fact that "On March 17, 1919, the day on which Saul Kass sustained the injuries which resulted in his death on that date, he resided at No. 690 Willoughby avenue, Brooklyn, New York, and was employed as a traveling salesman by Hirschberg, Schutz & Company with principal office and place of business at No. 29 East 21st street, New York city; said company being engaged in the manufacture and sale of wholesale dress trimmings." The evidence, which is undisputed, is that the decedent on the 15th day of March, 1919, while employed as a traveling salesman by the employer, hired a room at the Hotel Kimball at Dover, N. H.; that on the sixteenth of March he caused himself to be transferred to another room in the same hotel; that on the night of the sixteenth he left word at the office of the hotel that he was not to be disturbed on the morrow, as he desired to rest; that not appearing on Monday, and his door being found locked on Tuesday morning, the eighteenth, entrance was forced and the decedent was found dead in his bed, with a gas jet open and the gas flowing freely. A local coroner pronounced the death to be accidental gas poisoning, and the question presented upon this appeal is whether a traveling salesman, under the facts here disclosed, is within the protection of the Workmen's Compensation Law.

While the Commission has found as a fact that the employer was " engaged in the manufacture and sale of wholesale dress trimmings," the only evidence we find in the record is that the firm of Hirschberg, Schutz & Co. was engaged in the business of " wholesale dress trimmings," which does not suggest manufacturing. The primary and usual meaning of " wholesale " is the sale of goods in gross to retailers, who sell to consumers (30 Am. & Eng. Ency. of Law [2d ed.], 518; *Kenyon* v. *Knights Templars Aid Assn.*, 48 Hun, 278, 292), and we know of no reason for presuming that the business of " wholesale

dress trimmings" involves the element of manufacture, and without this there is nothing in the Workmen's Compensation Law which gives character to this award. Groups 37 and 38 of section 2 of the Workmen's Compensation Law (as amd. by Laws of 1916, chap. 622, and Laws of 1917, chap. 705) provide for " manufacture of textiles or fabrics," and " manufacture of men's or women's clothing, white wear, shirts, collars, corsets, hats, caps, furs or robes, or other articles from textiles or fabrics," but the mere wholesale dealing in dress trimmings is not a hazardous occupation within the statute, and we fail to find any evidence whatever to support the finding that the employer was a manufacturer of any kind of goods whatever.

But assuming that the employer was a manufacturer of " articles from textiles or fabrics," and that the decedent was away from the plant in the employment of the employer, can it be said that a traveling salesman, retiring to a hotel and injured through the negligence of the management of the hotel, is a legitimate subject for compensation? A hotel, in contemplation of law, is a temporary home (15 Am. & Eng. Ency. of Law [2d ed.], 766, and authorities there cited), and it is difficult to understand how an employee of a manufacturing plant, going to his own home and retiring for the night, can be said to have sustained an injury within the definition of the statute. The act provides (§ 3, subd. 7, as amd. by Laws of 1917, chap. 705) that " ' injury ' and ' personal injury ' mean only accidental injuries arising out of and in the course of employment," and surely the accident here under consideration did not arise out of the employment. The accident arose out of the negligence, not of the master, but of a third party. It was not a whit different from an accident of the same character which might have happened at the decedent's own home after his day's work was done. While the statute, as amended by chapter 622 of the Laws of 1916, has enlarged the liability of employers, it has not had the effect of insuring their employees generally against those accidents which are common to mankind; it is only as to accidents " arising out of and in the course of employment." (*Matter of Dose* v. *Moehle Lithographic Co.*, 221 N. Y. 401, 405.) The act does not afford compensation for injuries or misfortunes which merely are contemporaneous or coincident

with the employment, or collateral to it. Not every diseased person suffering a misfortune while at work for an employer is entitled to compensation. The personal injury must be the result of an employment and flow from .it as the inducing proximate cause. The direct connection between the personal injury as a result and the employment as its proximate cause must be proved by the facts before the right to compensation springs into being. (*Madden's Case*, 222 Mass. 487; *Matter of Alpert* v. *Powers*, 223 N. Y. 97, 101, 102.) The accident here under consideration had no relation to the employment; the decedent was not doing anything for the employer at the time of the accident, and there is no ground for this award.

The award appealed from should be reversed.

All concur.

Award reversed and claim dismissed.