# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA.

PAULINE STANSBERRY AND PAULINE STANSBERRY AS
MOTHER, ETC. v. MONITOR STOVE COMPANY.[1]

July 15, 1921.

No. 22,414.

**Workmen's Compensation Act.**

1. An Ohio corporation, whose northwestern business is localized at a
Minneapolis branch, is, as to employes of that branch, within the Minnesota Compensation Act.

**Injury to traveling salesman outside of Minnesota.**

2. A traveling salesman, employed in connection with the business
localized in this state, is within the Minnesota act, though injured by
accident outside of the state.

**Death caused by hotel fire.**

3. Where a traveling salesman, obliged to stop at hotels in the
course of his travel and to furnish his employer with a list of the cities
on his itinerary, the names of the hotels at which he is to stop and the
time he is to be at each hotel, is killed while attempting to escape during
a fire in one of such hotels in which he is stopping, compensation may
be recovered.

Upon the relation of the Monitor Stove Company the supreme court
granted its writ of certiorari directed to the district court for Hennepin

[1]Reported in 183 N. W. 977.

150 M.—1.

county and the Honorable Charles S. Jelley, one of the judges thereof, to review the proceedings of that court in an action brought under the Workmen's Compensation Act, by Pauline Stansberry, widow of Frank J. Stansberry, employe, and others against relator, employer. Affirmed.

*A. A. Tenner*, for relator.

*Ware & Melrin*, for respondents.

HALLAM, J.

Frank J. Stansberry was a traveling salesman for defendant company. While in the Frederic Hotel at Grand Forks, North Dakota, a fire broke out at night and Stansberry was killed while attempting to escape. His widow and minor children made claim for compensation under the Minnesota Workmen's Compensation statute. The claim was allowed. Defendant appeals.

1. Defendant is an Ohio corporation. It manufactures and sells furnaces. It maintains a permanent branch office, warehouse and agency in Minneapolis, Minnesota. The sale and distribution of furnaces in the northwest, including Minnesota and North Dakota, are made through the Minneapolis agency. Stansberry was employed by the Minneapolis branch and worked under its direction. For purposes of this case the situation is the same as though the head office instead of a branch were located in Minnesota. The business in which Stansberry was employed had a situs in this state.

2. The territory in which Stansberry traveled was for the most part in North Dakota. The business in which he was engaged was localized in this state, and, in such a case, our compensation act applies and compensates for injuries in a service incident to its conduct, sustained beyond the borders of the state. State ex rel. Chambers v. District Court of Hennepin County, 139 Minn. 305, 166 N. W. 185, 3 A. R. L. 1347; (distinguishing Johnson v. Nelson, 128 Minn. 158, 150 N. W. 620); State ex rel. Maryland Cas. Co. v. District Court of Rice County, 140 Minn. 427, 168 N. W. 177; State ex rel. McCarthy Bros. v. District Court of Hennepin County, 141 Minn. 61, 169 N. W. 274.

3. A more difficult question is whether the death of Stansberry was due to an accident arising out of and in the course of his employment as provided in G. S. 1913, § 8195. The death of Stansberry was accidental as that term is used in the act. The fact that death resulted

from an attempt to escape from the fire puts the case in no different position from what it would have been had he perished in the fire.

The court found that Stansberry lost his life "while in the act of furthering the interests and business of the defendant, and while engaged in saving certain property of the defendant, then and there in his possession and in attempting to save his life." The property referred to was a portfolio containing advertising matter, a sales order book, report sheet and advertising samples. We should not predicate liability on the fact of the efforts of Stansberry to save these small items of property.

The important facts are that he was a traveling salesman engaged in the service of his employer. As such he was obliged to stop at hotels in the course of his travel and to furnish the Minneapolis office with a list of the cities on his itinerary and the names of the hotels at which he was to stop and how long he was to be at each hotel, and it was his duty to carry out such schedule. He had given Grand Forks as one of such cities and the Frederic Hotel as his stopping place there. The question is whether such an injury received while stopping there arose out of and in the course of his employment. We think it did.

In State ex rel. Chambers v. District Court of Hennepin County, supra, it was held that a traveling representative injured by the overturning of an automobile used by him in the course of his travels was within the statute.

In State ex rel. McCarthy Bros. v. District Court of Hennepin County, 141 Minn. 61, 169 N. W. 274, it was held that a traveling representative, drowned while using a boat to catch a train during a flood, was within the statute.

In Foley v. Home Rubber Co. 39 N. J. Law J. 115, a salesman who lost his life on the sinking of the Lusitania was held within the act.

In Chitty v. Nelson, 2 B.W.C.C. 496, a servant in a hotel, occupying a room in a hotel in order to perform her duties as servant, who was suffocated in a fire that broke out in the night-time, was held within the act.

In re Bollman (Ind.) 126 N. E. 639, a threshing machine man, sleeping in a barn on a farm where the machine was operating, injured while asleep by the falling of a wagon-box, was held within the act.

In Marshall v. Wild Rose, 79 L. J. (1910) 912, a sailor left his berth in the night and went on deck, and next day was found missing. No recovery was allowed, but it was said that if it appeared that deceased was washed overboard, even at a time when he was sleeping, recovery would have been permitted.

In Blovelt v. Sawyer, 73 L.J.K.B.N.S. 155, a bricklayer, while eating dinner on the premises of his employer, injured by the collapse of a wall, was held within the act.

Our decision that the case is within the statute seems to us in harmony with the principle of our former decisions and with the weight of authority elsewhere.

Forman v. Industrial Acc. Comm. 31 Cal. App. 441, 160 Pac. 857, and Kass v. Hirschberg, Schutz & Co. 191 App. Div. 300, 181 N. Y. Supp. 35, relied on by counsel for relator, seem to us fairly distinguishable. In the California case the employe was selling real estate on commission, and, for an indefinite time, was located in the town and quartered at the hotel where he was injured. In the New York case it was held that the employer, engaged in the business of "wholesale dress trimmings," was not within the New York act. Anything further said in the opinion would seem to be obiter.

G. S. 1913, § 8230-i, provides that the act is declared "not to cover workmen except while engaged in, on, or about the premises where their services are being performed, or where their service requires their presence as a part of such service at the time of the injury, and during the hours of service as such' workmen."

Relator's counsel argue persuasively that the above language excludes this case. If the question were a new one, it would be worthy of grave consideration. But we think the language permits recovery in this case as clearly as in the Chambers or McCarthy cases.

Affirmed.