## J. G. HARIVEL *vs.* THE HALL-THOMPSON COMPANY ET AL.

First Judicial District, Hartford, March Term, 1923.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

Conclusions of fact drawn by the trial court from the subordinate facts found, must stand, unless they violate some rule or principle of law, conflict with the rules of logic and reason, or are contrary to or inconsistent with the subordinate facts.

An employee is in the course of his employment at the time of an injury, within the meaning of the Workmen's Compensation Act, if it occurred within the period of his employment at a place where he might reasonably be, and while he was reasonably fulfilling the duties of his employment, or engaged in doing something incidental to it; and the injury arises out of the employment when it occurs in the course of his employment and is the result of a risk

involved in it or incident to it, or to the conditions under which it is required to be performed.

The plaintiff was employed by the defendant as a traveling salesman under a contract providing for the payment of a weekly salary and commissions, transportation, hotel bills, etc.    His employment required him to stay in hotels in R, and while doing so he suffered a personal injury in attempting to escape at night from the hotel which had caught fire.   *Held* that the injury arose in the course of the employment, and "out of " it, since it resulted from a risk involved in, or incident to, the employment, or to the conditions under which the employee was required to work, between which and the injury there was an apparent and reasonably direct causal connection.

Argued March 6th—decided April 4th, 1923.

APPEAL by the plaintiff from a judgment of the Superior Court in Hartford County, *Hinman, J.*, which vacated an award of the Compensation Commissioner of the first district in his favor.   *Error; judgment ordered affirming the award of the Commissioner.*

*Lawrence A. Howard* and *DeLancey S. Pelgrift*, with whom was *David R. Woodhouse*, for the appellant (plaintiff).

*Edward J. Myers*, with whom, on the brief, was *Edward W. Broder*, for the appellees (defendants).

WHEELER, C. J.   The plaintiff (claimant) was a traveling salesman in Richmond, Virginia, and surrounding territory, and in the employment of the defendant corporation, whose place of business was in Hartford, Connecticut, upon a contract of employment providing for payment of a weekly salary, and commissions, transportation, hotel bills, etc.   His employment required him to stay in hotels in Richmond and the surrounding territory, and he was accordingly staying in the Lexington Hotel in Richmond, and occupying a room on the third floor, when the hotel caught fire at

night and, other avenues of escape being cut off, the plaintiff attempted to escape by a wire which broke, causing him to fall and suffer the injury for which he seeks compensation.

The Commissioner found in paragraphs eleven and twelve of his finding, that at the time of his injury the plaintiff "was in the course of his employment," and "was exposed, by the nature of his employment, to a greater hazard than the average person in the community, and that the aforesaid injury arose out of the employment." The trial court held that paragraphs eleven and twelve were findings of ultimate facts, and that the Commissioner erred "in refusing to strike them out, and in making an award in favor of the claimant."

These paragraphs were conclusions of fact drawn from the subordinate facts found, and unless the conclusions are "in violation of some rule or principle of law, or . . . in conflict with the rules of logic and reason, or . . . contrary to, or inconsistent with, the subordinate facts," they must stand. *Hayward* v. *Plant*, 98 Conn. 374, 379, 119 Atl. 341.

Two questions must be answered: 1. Was the plaintiff in the course of his employment at the time of his injury? He was, if it occurred within the period of his employment, at a place where he might reasonably be, and while he was reasonably fulfilling the duties of his employment, or engaged in doing something incidental to it. *Larke* v. *Hancock Mutual Life Ins. Co.*, 90 Conn. 303, 308, 97 Atl. 320. His employment was continuous, covering the period from the time he left the east until he returned. It did not cease at night when he finished his work. He did not then go to his home, or to a place which he himself provided as a temporary abiding place, but he went to the hotel for lodgings and board which his employer provided. While he was on the way from the east to Richmond to reach the territory in which

he should sell the goods of the defendant, he must be held to have been in the course of his employment. His salary covered this period and his expenses were all paid by his employer. His employment began when he started upon his trip. If he departed from the employment which required him to reach Richmond by continuous travel reasonably taken, and undertook some business, convenience or pleasure of his own, he would not for such period be in the course of his employment, otherwise he would. The salesman injured upon the premises of a customer is then in the course of his employment, but no more so than if he had been on his way to or from the customer and for the purposes of the employment. Whatever form of conveyance the salesman is reasonably required to use for the purposes of his employment, whether going to it, boarding it, riding in it, or leaving it, he will be deemed to be in the course of his employment. For during this period he was under employment, at a place where he might reasonably be, and was reasonably fulfilling the duties of his employment. As a rule the authorities are in agreement upon this conclusion. *Moran's Case,* 234 Mass. 566, 125 N. E. 591; *United States Casualty Co.* v. *Superior Hardware Co.,* 175 Wis. 162, 184 N. W. 694; *Stansberry* v. *Monitor Stove Co.,* 150 Minn. 1, 183 N. W. 977; *Haddock* v. *Edgewater Steel Co.,* 263 Pa. St. 120, 106 Atl. 196; *Chase* v. *Emery Mfg. Co.,* 271 Pa. St. 265, 113 Atl. 840. If the salesman lodged and boarded on the premises of his employer, it would be conceded that his employment continued during this period. There can be no difference in principle between the furnishing of lodging and board by the employer upon his own premises, or upon the premises of another. The hotel lodging furnished by the defendant to the plaintiff was its own for the time being, which it supplied to its salesman. The salesman was not when injured engaged upon

the immediate duties of his employment, but he was doing something which was incidental to such employment. The servant in a household when asleep is not then engaged upon her employment, but she is doing something incident to it. Her employer provides her with means of rest and preparation for the next day's work. Whether he provides this in his home or in an adjoining hotel, is immaterial. She is in his employ during the period of rest, whichever place it be passed in, for her employment is a continuous one. Between the salesman whose lodging and board is paid for by the employer and the servant who is treated in the same way, there is no substantial difference, except that in the extent of the time of work and in the intensity and quality of the work, the work of the salesman ordinarily surpasses that of the servant.

2. Did the injury to the plaintiff arise out of his employment as a salesman? In *Marchiatello* v. *Lynch Realty Co.*, 94 Conn. 260, 263, 108 Atl. 799, we state our rule for determining this with as much definiteness as the subject will admit of: "An injury arises out of an employment when it occurs in the course of the employment and is the result of a risk involved in the employment or incident to it, or to the conditions under which it is required to be performed. The injury is thus a natural or necessary consequence or incident of the employment or of the conditions under which it is carried on. Sometimes the employment will be found to directly cause the injury, but more often it arises out of the conditions incident to the employment. But in every case there must be apparent some causal connection between the injury and the employment or the conditions under which it is required to be performed, before the injury can be found to arise out of the employment." Again, in *Gonier* v. *Chase Companies, Inc.*, 97 Conn. 46, 49, 115 Atl. 677, we say: "The injury is

the result of a risk involved in or connected with the employment, when there is present in the circumstances of the accident some causal connection between the employment, or the conditions under which it is required to be performed, and the injury."

Applying this doctrine to the instant case, we are to determine whether the risk of the injury suffered by the plaintiff was involved in, or connected with, the condition under which his employment was carried on, so that there is apparent a causal connection between the injury and the conditions under which his employment was required to be performed. And by a causal connection we mean one which the law will not esteem too remote for its consideration. The plaintiff, while in this hotel room, was then in the course of his employment. The conditions of that employment required him to lodge in this room at that time. The risk of injury to him from a fire in the hotel was one of the risks connected with the conditions of his employment. So that unless the causal connection between the injury caused by the fire, and the conditions of his employment which compelled him to be there, is so remote that it cannot in law be regarded, the injury must be held to have arisen out of the conditions of the employment. The salesman who is required to lodge in hotels is not in the position of the average citizen in a community, who seldom lodges in a hotel unless at the time he is making it his permanent or temporary home. The salesman's risk from fire in hotels, especially those in a territory such as this, is much greater than the casual lodger, and one which both the employer and employee might have anticipated. In *Moran's Case*, 234 Mass. 566, 568, 125 N. E. 591, an insurance solicitor, on his way to transact some of the business of his employment, was injured on his way to take a street car, whose use his employment

compelled him to make. To the objection that the hazards of the street are common to persons in any employment who have occasion to use them, and hence the causative relation between the injury and the employment was too remote to charge the employment with the risk of the injury, the court said: "In the case at bar, the workman, to do the work of his employment, must continually stand in danger of receiving an injury from accidents resulting from exposure to whatever risks and hazards are commonly attendant on the use of public streets and conveyances, which risks to him are greater because more constant than those that are incidental to the occasional and casual use of such streets by persons who use them in the ordinary way. We are of opinion that the risk and hazard of the decedent's employment were not too remote in their causative relation to the employment." We approve of this decision, although we recognize the difficulty of reconciling it with those in *Donahue's Case,* 226 Mass. 595, 597, 116 N. E. 226, and *Sanderson's Case,* 224 Mass. 558, 561, 113 N. E. 355, both of which seem departures from earlier decisions. The ordinary injury to a salesman in a hotel would fall within the risks of his employment, provided his stay in the hotel was made in the course of his business and at the time of his injury he was not then engaged upon his own business, convenience or pleasure.

Cases of precise analogy have been differently decided. In *Stansberry* v. *Monitor Stove Co.*, 150 Minn. 1, 3, 183 N. W. 977, the court said: "The important facts are that he was a traveling salesman engaged in the service of his employer. As such he was obliged to stop at hotels in the course of his travel and to furnish the Minneapolis office with a list of the cities on his itinerary and the names of the hotels at which he was to stop and how long he was to be at each hotel, and

it was his duty to carry out such schedule. He had given Grand Forks as one of such cities and the Frederic Hotel as his stopping place there. The question is whether such an injury received while stopping there arose out of and in the course of his employment. We think it did." A like ruling was made in cases of injury through fires to employees in *Chitty* v. *Nelson*, 2 B. W. C. 496, and *In re Bollman*, 73 Ind. App. 46, 126 N. E. 639.

Of the two opinions cited by the trial court in support of its judgment, the facts of the one are not the facts before us, and in the other the point decided was quite apart from that of this case. The court in *Stansberry* v. *Monitor Stove Co.*, 150 Minn. 1, 183 N. W. 977, thus distinguishes these cases: In *Forman* v. *Industrial Acc. Com.*, 31 Cal. App. 441, 160 Pac. 857, "the employee was selling real estate on commission, and, for an indefinite time, was located in the town and quartered at the hotel where he was injured." In *Kass* v. *Hirschberg*, 191 N. Y. App. Div. 300, 181 N. Y. Supp. 35, it was held that the employer was not within the Act, and that "anything further said in the opinion would seem to be obiter."

The plaintiff's employment required him to lodge in this hotel; while there he was in the course of his employment, and the risk which can reasonably be held to have arisen out of his lodging in the hotel, was a hazard of that employment, and for the injury so arising our Act provides compensation.

There is error, the judgment is reversed and the cause remanded with direction to the Superior Court to render judgment dismissing the appeal from the Commisssioner and affirming his award.

In this opinion the other judges concurred.