## TEXAS EMPLOYERS' INS. ASS'N v. FRITZMEIER.

### No. 3230.

Court of Civil Appeals of Texas. El Paso. June 27, 1935.

Rehearing Denied Sept. 12, 1935.

Ramey, Calhoun & Marsh, of Tyler (Ben A. Harper, of Tyler, of counsel), for appellant.

Caldwell, Gillen, Francis & Gallagher, of Dallas, for appellee.

WALTHALL, Justice.

This is a suit for compensation under the Workmen's Compensation Law of Texas. The parties will be referred to, respectively, as plaintiff and defendant, as in the trial court and in the briefs.

This suit was brought by plaintiff, W. H. Fritzmeier, against the defendant, Texas Employers' Insurance Association, to set aside an award of the Industrial Accident Board.

It was agreed on the trial that the jurisdictional matters relating to necessary proceeding before the board, etc., were stipulated by the parties, that the cause of action was regularly before the trial court, and that the injury to plaintiff, if any, occurred in Gregg county, Tex.; that defendant was the compensation insurance carrier of F. H. E. Oil Company, Inc., on the alleged date of the claimed injury; and that on said date plaintiff was an employee of F. H. E. Oil Company, Inc. It was not agreed or stipulated that at the time of the claimed injury plaintiff was in the employment, nor that the injury, if any, had to do with or originated in the work, business, trade, or profession of plaintiff's employer, nor that plaintiff was engaged in or about the furtherance of the affairs or business of his employer, at the time or place of plaintiff's alleged injury. The last-mentioned matters, as not agreed to, were controverted issues on the trial of the case.

Defendant answered by general demurrer and general denial.

The undisputed evidence on the trial showed, in substance: That plaintiff was employed as a tank builder for defendant on what was known as the "Seven Pines Job," located some nine miles northeast of Gladewater, in Gregg county; that plaintiff did not live on the lease where the work was being performed; there were no facilities out there on the lease of the Seven Pines Job for the men to stay at night; plaintiff resided at Gladewater in a "trailer-house" owned by plaintiff; that plaintiff rode from Gladewater to the lease each morning and back to Gladewater each evening with one Sam Winston, a truck driver on the same job with plaintiff, on a truck which was the property of the general construction superintendent, B. A. Rothchild; that plaintiff was not required to live at Gladewater, nor at any particular place, the only requirement of the employer being that he get to work on time; that it was up to plaintiff to make his arrangements to get to work on time; that his employer had nothing to do with where plaintiff lived; that from the time plaintiff quit work on the lease until the time he went back to work on the lease at 7 o'clock in the morning, plaintiff's employer had nothing to do with plaintiff's conduct, or what he did, or where he went; that plaintiff was not required by his employer to ride the truck; that some of the men on the job furnished their own conveyance and were not paid anything extra on that account; that plaintiff's wages were the same whether he rode the truck or furnished his own conveyance; that plaintiff was not paid by his employer for the time spent in going to or from Gladewater. The truck on which plaintiff rode, in going to and from his work, was used by the employer on the work at the lease and in hauling material from the railroad and, at times, in hauling bolts, rivets, angle clips, and scaffold clips to the lease from the railroad, and at some such times plaintiff assisted in loading some of the material on the truck, but was paid nothing by the employer for so doing.

Plaintiff and other employees who lived in Gladewater, and who rode the same truck in going to and returning from work on the lease, were instructed by one of the foremen on the work to meet at a designated place at Gladewater at a stated time, in order to take the truck and reach the work on time. Other than the above, the employees were not instructed by the defendants.

On the morning plaintiff was injured he left Gladewater about 6:15 o'clock riding on the truck, going to his work on the lease. We quote plaintiff's words in describing the accident: "I was sitting on the left hand rear side of the truck, about

two feet from the back, going towards Longview on the Longview-Gladewater Highway, going at a pretty good rate of speed, and another truck going in the opposite direction coming by cut in quickly and side-swiped the truck and caught my legs, forcing them underneath the flat bed of the truck and sliding me around the corner of the bed, and whirling me around the corner of the bed, and throwing me off of the truck and hitting my back against the steel angle iron or frame on the truck. I was holding on with my right hand on the side of the truck, and Johnie Robertson was holding on to my left arm to keep me from falling off the truck."

The court overruled defendant's timely motion for an instructed verdict.

Without stating the injuries plaintiff received, we only say here that the jury found they were total and permanent, and denied a lump sum recovery. Judgment was rendered on the jury's findings in favor of the plaintiff, the court overruled defendant's original and amended motions for a new trial, and the case is regularly before this court on appeal.

### Opinion.

The law that controls and fixes the liability of the insurance company for compensation to injured employees under the Workmen's Compensation Law, as we view it, is stated under article 8309 of the Revised Civil Statutes 1925. Under that article the definitions and provisions of terms and phrases as used in the Workmen's Compensation Law are stated. That article defines and construes the term "injury" or "personal injury" to mean "damage or harm to the physical structure of the body and such diseases or infection as naturally result therefrom." The article then states what shall be included in the term "injury sustained in the course of employment," under the compensation law. After excepting certain injuries caused as stated in the exceptions, the latter part of subdivision 4 of the paragraph defining "injury" of article 8309 reads, the term "injury" "shall include all other injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere."

The facts as to the circumstances under which the plaintiff received his injuries are undisputed. They are more fully stated in detail in the above statement than we think to give here. He was injured while riding on the truck on the highway in going from Gladewater to the lease, at which he was employed, when about three miles from Gladewater, where the truck on which he was riding collided with a truck going in an opposite direction. The point to be decided here is, was plaintiff's injury received while he was engaged in or about the furtherance of the affairs or business of his employer?

Traders' & General Ins. Co. v. Ratcliff et al. (Tex. Civ. App.) 54 S.W.(2d) 223, is somewhat similar in its facts to this case. We refer to that case for a fuller statement of the facts than we can give here. In that case the record disclosed that Frank E. Ratcliff, the deceased, was an employee of his employer, and that in returning to the plant where he was employed the conveyance in which he was traveling collided with a truck parked on the highway, and he was killed. The Amarillo court held that Ratcliff was not engaged in or about the furtherance of the affairs or business of his employer at the time he was injured, and the insurance company was not liable. The case was dismissed by the Supreme Court for want of jurisdiction.

American Indemnity Company v. Dinkins (Tex. Civ. App.) 211 S. W. 949, was a suit brought under the Workmen's Compensation Law. Judge Brooke wrote the opinion for the Beaumont court, and in the opinion he said the facts were undisputed. The facts showed that A. P. Dinkins was employed at the refinery as an electric engineer; that he registered out for the day at the entrance gate, and started home, and had gotten but a short distance on the road when he was struck by an automobile and killed. The opinion is lengthy and discusses the purpose of the law and the statute as we have above stated it and held that the facts showed that the injury was not sustained by Dinkins in the course of employment with his employer. The Supreme Court refused a writ of error.

In Texas Indemnity Ins. Co. v. Clark (Tex. Civ. App.) 50 S.W.(2d) 465, the employer did not furnish the employees, including Clark, an employee, with a room

or facilities for housing them in which they could lodge while working on the lease and Clark was injured while driving about the streets of Jacksboro in search of a room or place to stay while employed. In that case appellant requested the court to give a peremptory instruction in its favor, which the court refused, and submitted to the jury to find whether Clark at the time of his injury was in the course of his employment, "as defined," and in that connection defined the term "in the course of his employment," as in the statute above stated. The jury found for Clark on the issue submitted, and the error assigned was to the refusal of the court to give appellant's peremptory charge. The Fort Worth court overruled the assignment and held that the trial court was not in error in refusing to give the submitted peremptory charge. Application for writ of error was granted the insurance company. We have not found what the final action was of the Commission of Appeals, to which the case was referred, but the Texas syllabi reveals that error was granted on the action of the court in overruling appellant's motion for an instructed verdict. 81 S.W. (2d) 67.

The cases of Wynn v. Southern Surety Co. (Tex. Civ. App.) 26 S.W.(2d) 691, by the Waco court, writ of error refused; Southern Casualty Co. v. Ehlers (Tex. Civ. App.) 14 S.W.(2d) 111; London Guarantee & Accident Co. v. Thetford (Tex. Com. App.) 292 S. W. 857; Royalty Indemnity Co. v. Madrigal (Tex. Civ. App.) 14 S.W.(2d) 106, are cases where the injured party had ceased his work for the day, and his time was at his own disposal, and in which the courts hold that the injury was not received by the employee while engaged in or about the furtherance of the affairs or business of the employer.

There are, however, cases by our courts somewhat similar in their facts to the case we have before us, and in which a more liberal construction of the statute seems to have been adopted and in which the conclusion reached is in apparent conflict with the cases above cited. We cite some of them without comment.

Lumberman's Reciprocal Ass'n v. Behnken, 112 Tex. 103, 105, 246 S. W. 72, 28 A. L. R. 1402; Federal Surety Co. v. Ragle (Tex. Civ. App.) 25 S.W.(2d) 898, and same case on writ of error (Tex. Com. App.) 40 S.W.(2d) 63, and cases referred to by the Commission of Appeals. In some of the cases referred to by the court in the Federal Surety Company v. Ragle Case were cases where the injured party was on the premises of the employer, and at a place where the employee might reasonably be considered as doing something incident to his employment.

Cudahy Packing Co. v. Parramore, 263 U. S. 418, 44 S. Ct. 153, 154, 68 L. Ed. 366, 30 A. L. R. 532, involved the construction of a statute of the state of Utah similar to our own. In that case Parramore, an employee, lived at Salt Lake City, some six miles from the plant. When injured, he was riding to the plant in an automobile of another employee for the purpose of going to work. In discussing that case, after discussing the purposes of the Workmen's Compensation Law, the Supreme Court of the United States said: "The liability is based, not upon any act or omission of the employer, but upon the existence of the relationship which the employee bears to the employment because of and in the course of which he has been injured."

To us it seems that our courts are in conflict on the question under consideration. Now, it seems to us, that in our disposition to give a liberal construction of the statute, we might be too liberal and infringe upon the duty of the Legislature and add something, a condition or circumstance, to the law which the Legislature has not thought best to make a part of the law itself. We concede that if the law was, or if the employer, as a part of the daily wages of the employee, had expressly or impliedly agreed to furnish the employees a place to stay, or if the law by a liberal construction of it made it the duty of the employer to do so, or to furnish transportation to and from the plant, there could then be no question but that the employee, in going to or returning from the place of employment, would be engaged in the business or furtherance of the business of the employer, but such seems not to be the law, and we find no such express or implied agreement in the evidence, but rather that there was none.

We have concluded that the court was in error in not giving defendant's charge or motion to return a verdict in its favor.

The facts seem to be fully developed. The conclusion we have reached makes it unnecessary to pass upon the other points presented. The case is reversed and judgment is here rendered for defendant.