FISHER ET AL. *v.* MOSSMAN-YARNELLE COMPANY.

[No. 15,941.   Filed March 8, 1938.]

*William G. Keane, R. M. Ryan* and *James P. Murphy,* for appellants.

*Jones, Obenchain & Butler,* for appellee.

CURTIS, J.—This cause of action originated before the Industrial Board of Indiana, wherein Mabel T.

Fisher, as widow of Curtis L. Fisher, deceased, and as guardian for Curtis W. Fisher, a minor son, filed claim for compensation, as dependents, against appellee, Mossman-Yarnelle Company, for the death of Curtis L. Fisher, by a claimed accident alleged to have arisen out of and in the course of his employment. The Mossman-Yarnelle Company filed a special answer challenging the jurisdiction of the Industrial Board to hear said claim. The special answer was set for hearing and, after the conclusion of the evidence on the question of jurisdiction, the hearing member held that said board did have jurisdiction and ordered that the cause be set for hearing on the merits. The claim was thereafter set and heard on the merits, and, at the conclusion, the hearing member made the following finding:

"That the plaintiffs, Mabel T. Fisher and Curtis W. Fisher, take nothing by their application."

Thereafter, the claimants filed their application for review before the full Board, resulting in the following finding and award:

"And the Full Industrial Board having heard the argument of counsel, having reviewed the evidence and being duly advised therein now finds that one Curtis L. Fisher was employed by the defendant, the Mossman-Yarnelle Company, of Fort Wayne, Indiana, on or about July 15, 1934, and was so employed up to and including December 10, 1934, at an average weekly wage in excess of $30.00. It is further found that under the terms of employment between the said Curtis L. Fisher and the Mossman-Yarnelle Company the said Curtis L. Fisher was to be remunerated on a straight commission basis and that the Mossman-Yarnelle Company paid nothing for any expenses incurred by the said Curtis L. Fisher in his work. It is further found by the Full Industrial Board that during Curtis L. Fisher's period of employment with the defendant, Mossman-Yarnelle Company, of Fort Wayne, Indiana, that he was living with his wife, Mabel T. Fisher, and a minor son, Curtis William Fisher,

who were wholly dependent upon him for support; that on April 22, 1935, plaintiffs herein filed their application for the adjustment of claim for compensation.

"The Full Industrial Board now finds that the application Form No. 10 filed by the plaintiffs in this cause, alleges that their husband and father died as the results of personal injury by accident arising out of and in the course of his employment with the Mossman-Yarnelle Company of Fort Wayne, Indiana, on December 11, 1934.

"And the Full Industrial Board now finds for the defendant, Mossman-Yarnelle Company of Fort Wayne, Indiana, on plaintiff's allegations.

"It is further found by the Full Industrial Board of Indiana that the alleged death of the said Curtis L. Fisher was not due to any accidental injury arising out of and in the course of his employment with the defendant."

The order of the Full Board was in accordance with the finding.

The appellants prayed an appeal to this court, assigning as error that the award of the Full Industrial Board is contrary to law. The appellee contends that the board was without jurisdiction to hear the application and in that connection asserts that the contract of employment of the decedent by the appellee was to be performed wholly outside of Indiana and that the parties to the contract had not agreed to be bound by the Indiana Workmen's Compensation Law. We think that this question of jurisdiction is before us for determination. In the case of *Calkins* v. *Service Spring Co.* (1937), 103 Ind. App. 257, 7 N. E. (2d) 54, this court collected the authorities and laid down the general rule in the class of contracts which we have here for consideration that in order for such a contract to be governed by the Indiana Workmen's Compensation Law it must be an Indiana contract, at least to the extent that it be made in contemplation of performance or at least part performance in Indiana, or unless the

parties specifically agree to be bound by the Indiana law. The contract in the instant case rested in parol. It was established mainly by the evidence of the witness Page Yarnelle, vice-president and sales manager of the appellee. It shows conclusively that the territory to be covered under the contract by the decedent in his sales work was wholly outside of Indiana; that he lived with his family at all times in Michigan; that he came to Indiana when the contract was made; that he later attended some sales meetings conducted by the appellee in Fort Wayne, Indiana. In reading his (Yarnelle's) direct examination, the conclusion could readily be reached that the·decedent was required by his contract to attend these meetings. In reading his cross-examination, he stated that it was not a part of Mr. Fisher's duty or obligation to come to these meetings. There is thus an apparent conflict between his evidence given on his direct examination and that given on his cross-examination. The rule is that the reconciliation of apparent conflicts between the evidence of a witness given on direct and cross-examination is within the rightful province of the court or jury as the case may be. See: *Barr* v. *Summer* (1915), 183 Ind. 402, 109 N. E. 675, 109 N. E. 193; *Chicago, Indianapolis and Louisville Railway Company* v. *Prohl, Admx.* (1917), 64 Ind. App. 302, 115 N. E. 962.

Applying the above rule of law to the instant case, it follows that since the Industrial Board had the rightful province to reconcile the evidence of said witness, that this court cannot properly disturb its evident finding that a part of the duties of the decedent under the contract was to be performed in Indiana by the attendance at the sales meetings, thus making the contract an Indiana contract within tht rules announced in the Calkins case, *supra,* and subject to the provisions of the Indiana Workmen's Compensation Law. We think there was

evidence sufficient to sustain the finding of the board that it had jurisdiction.

Upon the merits of the case the board found "that the alleged death of the said Curtis L. Fisher was not due to any accidental injury arising out of and in the course of his employment with the defendant."

There was evidence from which the board could conclude that the decedent Fisher at the time he entered the employment of the appellee was a resident of the State of Michigan and maintained his home with his family in the city of Marshall in that state; that Marshall was practically in the center of the territory allotted to Fisher, which territory extended approximately 75 miles in each direction from his home town; that it was customary for him in covering his territory to return to his home each day, but he did at times stay away at night; that the method and manner of his covering the territory was left exclusively to his judgment and the appellee was kept advised daily by orders and letters as to his doings and whereabouts; that he worked on a straight commission basis of eight per cent on all sales made by him in his territory; that his employer advanced him $50.00 every two weeks to be used by him in any way or manner which he saw fit and without any direction or instruction whatever from the appellee as to the method or manner of its expenditure; that from the earned commissions each month the $100.00 advanced would be deducted and the balance paid to him; that there was no requirement of any kind in the contract that he should stay at any hotel and he was expected to cover his territory every two weeks in such a manner as he deemed best; that on December 10, 1934, the decedent left his home to call upon his customers; that he arrived at Lansing, Michigan, around 6:00 o'clock in the evening of that day and parked his car in the Reo Garage, a place a few doors distant from the

Hotel Kerns; that at 8:30 that evening he was seen at the writing desk in that hotel lobby; that on the following morning the appellee received an envelope postmarked at Lansing, Michigan, containing an order which the decedent obtained at Lansing, Michigan: that about 5:00 o'clock in the morning the Hotel Kerns was destroyed by fire and thirty-one persons lost their lives, twenty-six of whom were identified and five burned beyond recognition; that if the decedent was in that fire, his body was one of those which was not identified; that he had been in the habit of staying at that hotel. From these salient facts, the board made the finding which we have heretofore set out. Assuming, for the sake of argument, that he perished in that fire, the question would then remain as to whether or not under the facts above enumerated it could be said that the evidence conclusively shows that the accident arose out of and in the course of the employment of the decedent by the appellee.

The board had evidence before it by which it could reasonably conclude that if the decedent stayed at the Hotel Kerns on the night in question, it was an act of his own choosing not contemplated by the contract of employment; that he chose it as his own home for the night; that his employer knew nothing whatever about it; that he paid his own expenses and made no report or accounting to the appellee as to them. There was nothing about the contract from which it could reasonably be said that the appellee would be expected to know that he would use the hotel or any other hotel in covering his territory. The contract neither required nor contemplated that the decedent stay in the hotels. There was evidence that he was to return to his home nights. The board exercised an extremely liberal attitude in the admission of evidence tending to prove the death of the decedent. The appellee has raised some questions as to

these rulings on the evidence, but we do not deem it necessary to pass upon them for the reason that if the rulings were all correct and the death established, yet the board concluded that the death did not occur by an accident arising out of and in the course of the employment. We think that there was ample evidence to sustain the finding of the board. For cases with similar law questions relating to Workmen's Compensation Law as applied to traveling salesmen see: *Johnson* v. *Smith et al* (1933), 263 N. Y. 10, 188 N. E. 140; *Matter of Harby* v. *Maxwell Bros., Inc., et al.* (1923), 235 N. Y. 503, 139 N. E. 711; *Matter of Priestly* v. *H. Hentz & Company* (1932), 258 N. Y. 618, 180 N. E. 358; *Kass* v. *Hirschberg, Schultz & Co. et al.* (1920), 191 App. Div. 300, 181 N. Y. S. 35; *Wynn et al.* v. *Southern Surety Co.* (1930), (Tex. Civ. App.), 26 S. W. (2nd) 691; *Foreman et al.* v. *Industrial Com. et al.* (1916), 31 Cal. App. 441, 160 Pac. 857; *Jakeway* v. *John V. Bauer Co. et al.* (1926), 218 App. Div. 302, 218 N. Y. S. 193.

The award of the full Board is not contrary to law and it is affirmed.