## WASMUTH-ENDICOTT COMPANY *v.* KARST.

[No. 11,135.   Filed January 5, 1922.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.*—*Disease Contracted from Drinking Polluted Water.*—*Compensation.*—*Accident.*—*Injury.*—A workman's disability from typhoid fever, contracted as a result of drinking polluted water furnished by the employer for the use of employes during working hours, is compensable as an injury by accident arising out of and in the course of employment within the terms of §2 of the Workmen's Compensation Act (§80201 *et seq.* Burns' Supp. 1918, Acts 1915 p. 392), as amended by Acts 1917 p. 673, and the definition of "injury" and personal "injury" in §76 (d) of the act, as amended Acts 1919 p. 158, 175, excluding disease

except as it results from injury; the word "accident" meaning any unlooked for mishap or untoward event not expected or designed, and the word "injury" including whatever lesion or change in any part of the system produces harm or pain, or the lessened facility of the natural uses of any bodily activity or capability. pp. 282, 283.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Accident to Employe.—Compensation.—Disability.*—The mere fact that an accident happens to an employe will not authorize the payment of compensation, unless it results in a personal injury which causes disability to work, but the resulting injury and disability to work need not be concurrent with the accident in order to warrant payment of compensation. p. 282.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.—Accidents Arising Out of and in Course of Employment.*—Acts necessary to the life, comfort and convenience of a workman, though personal to himself, and not technically acts of service, are incidental to the service, hence an accident consisting of a workman becoming infected with typhoid germs by drinking water furnished by the employer is one arising out of and in the course of the employment within the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918). p. 286.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Clarence N. Karst against the Wasmuth-Endicott Company. From an award for applicant, the defendant appeals. *Affirmed.*

*Joseph W. Hutchinson*, for appellant.

*W. A. Branyan* and *Wilbur E. Branyan*, for appellee.

BATMAN, P. J.—This is an appeal from an award by the Industrial Board in favor of appellee. No question is made as to the sufficiency of the facts to sustain the award, but the sufficiency of the evidence to sustain the finding of facts is challenged. The following is a statement of so much of the finding of facts as is material to a determination of the question presented by this appeal: "The full Board * * * finds that on the 9th day of February, 1920, plaintiff was in the employment of the defendant at an average weekly wage of

$19.29; that on said date he received a personal injury by accident arising out of and in the course of his employment, of which the defendant had actual knowledge within thirty days thereafter, and which resulted in his total disability to work. * * *" There is substantial evidence tending to establish the following facts: Appellee, with other workmen, was in the employ of appellant in its cabinet factory. It furnished its employes while at work drinking water from a well in its factory through pipes. This water was pumped by means of a steam engine, and flowed constantly during working hours. Without appellant's knowledge, the water from this well, so furnished its said employes, became contaminated by seepage from a toilet in its said factory. Appellee, while working for appellant under his employment, used said water for drinking purposes, without knowledge of such pollution, and thereby became infected with typhoid germs, and thereafter by reason of said fact, was seized with typhoid fever, and was confined to his bed for several weeks as a result thereof. Based on the evidence which tends to establish these facts, the Industrial Board found that appellee received a personal injury by accident arising out of and in the course of his employment. Appellant contends that the evidence, tending to establish the foregoing facts, does not sustain said finding, but merely shows that appellee suffered a disability from a disease, for which compensation is not authorized. It bases this contention on the following provisions of the Workmen's Compensation Act, Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918: "Section 2. From and after the taking effect of this act, every employer and every employee, except as herein stated, shall be presumed to have accepted the provisions of this act respectively to pay and accept compensation for personal injury or death by accident arising out of and in the course of

the employment - * . * *." Acts 1917 p. 673, §80201 *et seq.* Burns' Supp. 1918. "Section 76 (d) 'Injury' and 'personal injury' shall mean only injury by accident arising out of and in the course of the employment and shall not include a disease in any form except as it shall result from the injury." Acts 1919 p. 158, 175.

In considering this contention we will first determine whether the evidence shows that appellee's disability was the result of an accident. This court, in determining questions of liability under the Workmen's Compensation Act, *supra,* has adopted the following definition of that term: "An accident is any unlooked for mishap or untoward event not expected or designed." *United Paper Board Co.* v. *Lewis* (1917), 65 Ind. App. 356, 117 N. E. 276; *Haskell, etc., Car Co.* v. *Brown* (1917), 67 Ind. App. 178, 117 N. E. 555; *Indian Creek, etc., Co.* v. *Calvert* (1918), 68 Ind. App. 474, 119 N. E. 519, 120 N. E. 709; *Puritan, etc., Co.* v. *Wolfe* (1918), 68 Ind. App. 330, 120 N. E. 417. Applying this definition to the facts disclosed by the evidence in this case, it is clear that the entering of typhoid germs into appellee's intestines, by reason of drinking the polluted water furnished him by appellant for that purpose, while in its employ, may rightfully be termed an accident. *Dove* v. *Alpena, etc., Co.* (1917), 198 Mich. 132, 164 N. W. 253; *Vennen* v. *New Dells, etc., Co.* (1915), 161 Wis. 370, 154 N. W. 640, L. R. A. 1916A 273, Ann. Cas. 1918B 293; *Monson* v. *Battelle* (1918), 102 Kan. 208, 170 Pac. 801. But the mere fact that an accident happens to an employe will not authorize the payment of compensation, unless it results in personal injury which causes disability to work. The resulting injury and disability to work, however, need not be concurrent with the accident in order to warrant payment of compensation. *In re McCaskey* (1917), 65 Ind. App. 349, 117 N. E. 268;

*Hornbrook-Price Co.* v. *Stewart* (1918), 66 Ind. App. 400, 118 N. E. 315; *John A. Schumaker Co.* v. *Kendrew* (1918), 68 Ind. App. 466, 120 N. E. 722.

In the instant case appellant raises the question as to when the injury can be said to have occurred, if the drinking of the germ-ladened water, under the circumstances, can be said to be an accident within the meaning of the Workmen's Compensation Act, *supra*. It has been said that, "in common speech the word 'injury,' as applied to a personal injury to a human being, includes whatever lesion or change in any part of the system produces harm or pain, or a lessened facility of the natural uses of any bodily activity or capability." *In re Burns's* (1914), 218 Mass. 8, 105 N. E. 601, Ann. Cas. 1916A 787. It cannot be said that this definition is too comprehensive, in view of the settled policy of this court, in harmony with the courts of other jurisdictions, to give the provisions of the Workmen's Compensation Act, *supra*, a liberal construction in favor of the employe, in order that its humane purpose may be realized. *Holland, etc., Co.* v. *Shraluka* (1917), 64 Ind. App. 545, 116 N. E. 330; *In re Loper* (1917), 64 Ind. App. 571, 116 N. E. 324; *In re Kelley* (1917), 64 Ind. App. 594, 116 N. E. 306; *United Paper Board Co.* v. *Lewis* (1917), 65 Ind. App. 356, 117 N. E. 276; *In re Ayres* (1917), 66 Ind. App. 458, 118 N. E. 386; *Nordyke, etc., Co.* v. *Swift* (1919), 71 Ind. App. 176, 123 N. E. 449; *In re Stewart* (1920), 72 Ind. App. 463, 126 N. E. 42; *In re Duncan* (1920), 72 Ind. App. 270, 127 N. E. 289. When we apply the foregoing definition of an injury to the facts of this case, it is not difficult to determine when the injury resulting from the accident in question occurred. It is well known that typhoid fever is due to a specific micro-organism, known as the typhoid bacillus, taken into the intestines. Here the bacillus sets up a catarrhal inflammation of the

mucus membrane of the intestines, causing ulcers and fever. When this occurs the individual evidently sustains an injury. The typhoid bacillus, when taken into the intestines, does not always create a catarrhal inflammation. If it does not, no fever follows, and no injury is sustained. In the instant case, however, such an inflammation occurred with resulting fever, which constituted an injury within the meaning of the Workmen's Compensation Act, *supra.*

It has been suggested, that if compensation be awarded on account of disability to work, arising from a disease contracted by an employe under the circumstances of the instant case, it will result in a violation of that part of said §76, *supra,* quoted above, in which the meaning of the words "injury" and "personal injury," as used in the Workmen's Compensation Act, *supra,* is expressly limited, and from which "disease in any form, except as it shall result from injury" is expressly excluded, and, through a form of judicial legislation, render all employers, operating under said act, liable for compensation thereunder on account of disability to work, resulting from diseases generally contracted by their servants while engaged in the discharge of the duties for which they are employed. We are clearly of the opinion, however, that no such result will follow. It will be observed that in the instant case we have clearly indicated the accident and the resulting injury, which caused the fever and consequent disability. Therefore, it cannot be said that the decision in this case is not in harmony with the limitation of said §76, *supra,* with reference to awarding compensation for disability resulting from disease. It is obvious that in any given case, involving disability so resulting, the inquiry must always be, Did the disease result from an injury by accident, arising out of and in the course of the employment? If it did not, by the express provision

of the statute, no compensation can be awarded. The injury, however, need not be produced by violence as our statute, unlike those of some other states, does not so provide. It suffices in that regard, whatever the accident may have been, if it produces a lesion or change in any part of the system, which injuriously affects any bodily activity or capability. Where this occurs and disease follows, causing disability, the right to compensation is not affected by the limitation contained in said §76, *supra.* But it must be borne in mind that the injury must be by accident arising out of and in the course of the employment. This limitation alone will have the effect of preventing a recovery of compensation for disability resulting from diseases generally, as it is clear that a disease, contracted by an employe through such usual intercourse with his fellow workmen as is common among men, and not because of any unusual circumstance connected with his employment, cannot be said to be an accident within the meaning of the Workmen's Compensation Act, *supra.* This is in harmony with the general rule, denying compensation for injuries arising from risks common to the general public. *Union Sanitary Mfg. Co.* v. *Davis* (1916), 64 Ind. App. 227, 115 N. E. 676; *In re Harraden* (1917), 66 Ind. App. 298, 118 N. E. 142; *Central, etc., Co.* v. *Indus. Com.* (1920), 291 Ill. 256, 126 N. E. 144, 13 A. L. R. 967; *Cunningham* v. *Donovan* (1919), 93 Conn. 313, 105 Atl. 622; *Donahue Case* (1917), 226 Mass. 595, 116 N. E. 226 L. R. A. 1918A 215; *Kunze* v. *Detroit, etc., Co.* (1916), (Mich.) 158 N. W. 851, L. R. A. 1917A 252; *McNicol Case* (1913), 215 Mass. 497, L. R. A. 1916A 306; *Larke* v. *Hancock Mutual Life Ins. Co.* (1915), 90 Conn. 303, L. R. A. 1916E 584.

The fact that the accident involved in this case occurred while appellee was engaged in quenching his thirst, rather than in the actual performance of some

duty, which he owed appellant under his employ-
ment, is not a matter of controlling importance,
as it is recognized that "such acts as are nec-
essary to the life, comfort, and convenience of the
workman while at work, though personal to himself,
and not technically acts of service, are incidental to the
service; and an accident occurring in the performance
of such acts is deemed to have arisen out of the em-
ployment." *Holland, etc., Co.* v. *Shraluka* (1917), 64
Ind. App. 545, 116 N. E. 330; *Archibald* v. *Compensa-
tion Commissioner* (1916), 77 W. Va. 448, 87 S. E. 791
L. R. A. 1916D 1013. We conclude that the award made
by the Industrial Board is not contrary to law, and it
is therefore, affirmed.

McMahan, J., dissents.