## MOORE v. SERVICE MOTOR TRUCK COMPANY.

[No. 11,775.   Filed January 10, 1924.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Appeal.—Evidence.—Sufficiency.*—On appeal from a decision of the Industrial Board as to an award of compensation under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1921), if there is any evidence to sustain the decision, it must be affirmed.   p. 669.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Accident.*—An accident, within the meaning of the Workmen's Compensation Law (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1921) is an unlooked-for mishap or untoward event not expected or designed, and does not include sickness caused by the accumulation in his stomach and bowels of emery and metallic dust thrown off from a grinding and buffing machine at which the employe worked, the dust impregnating the air so that it passed into his mouth and was swallowed, where the

employe knew that the dust was passing into his stomach and bowels and was making him sick, that it made other employes sick after they had worked in it for a time, that it was having an injurious effect on him from day to day and he was gradually growing worse (*Wasmuth-Endicott Co.* v. *Karst*, 77 Ind. App. 279, distinguished). p. 671.

From the Industrial Board of Indiana.

Proceeding by Benjamin F. Moore under the Workmen's Compensation Act for compensation for personal injuries. From the decision of the board denying any compensation, the claimant appeals. *Affirmed.*

*Herman H. Hipskind,* for appellant.

*James W. Fesler, Harvey J. Elam, Howard S. Young* and *Irving M. Fauvre,* for appellee.

BATMAN, J.—This appeal involves the denial of an application by appellant for an award of compensation against appellee, based on a finding, which recites in substance, among other things, that appellant's disability for work was due to a disease, which did not result from an accidental injury. If this finding is sustained by any evidence, the denial of the award must be sustained, under subdivision (d) of §76 of the Workmen's Compensation Act (Acts 1919 p. 158, §8020h3 Burns' Supp. 1921), otherwise it must be reversed. Appellant contends that the Industrial Board erred in making the finding stated, as the undisputed evidence shows that his disability is not the result of a disease, but of an injury by accident. On the question thus presented, we find there is substantial evidence tending strongly to establish the following facts: Appellant was in appellee's employ for three or four years. During this time he had charge of the emery wheels in the grinding department of its truck factory. His duties required him to grind, disc and buff raw castings, and to polish metal parts on an emery wheel and

buffing machine.  This work caused the air to become ladened with emery and metallic dust, which was breathed by appellant in the course of his work.  Some of such dust became mixed with the saliva in his mouth, and passed into his stomach and bowels through the process of swallowing.  No large or unusual quantities of such dust ever entered the body of appellant at any one time, but a considerable quantity accumulated in his bronchial tubes and lungs, and especially in his stomach and bowels, through the continued processes of breathing and swallowing, during the said three or four years of his employment by appellee as a grinder and polisher of metals.  As a result, the parts of his body mentioned above became gradually affected to such a degree that on March 7, 1923, he became sick and unable to work, and so remained until the date of the hearing.  In the course of his medical treatment, oil was administered, which caused him to pass from his bowels a substance in the form of irregular-shaped balls resembling putty, which were composed of emery and metal dust.  The loosening and passing of these balls injured the linings of the bowels, so that portions thereof sloughed off and left raw areas.  The evidence also tends strongly to show that working in this dust ladened air for any considerable period of time was injurious to appellee's employes; that it had made a number of them sick, and that, by reason of that fact, they had never remained long at such work.  Appellant knew these facts and testified, that if these men had stayed as long as he did, it would be natural to suppose that they would be in his condition.  He knew that it was having an injurious effect upon him, and, because of that fact, he complained to appellee time and time again, and wanted to be transferred to other work.  He knew for some time before he was compelled to quit work, that his condition was gradually becoming worse,

and so much so, that, as he testified, he had to pinch himself to get any energy to work.

It is clear that appellant is suffering from an illness caused chiefly by an injury to his bowels, but can it be said that such injury was by accident, within the meaning of the Workmen's Compensation Act, Acts 1915 p. 392, §8020l *et seq.* Burns' Supp. 1921, rather than a result of an occupational condition— that is, a condition of some part of the body which is the natural result of following a particular occupation for a considerable period of time, and frequently terminates in what is generally called an occupational disease? Without entering into a rediscussion of what constitutes an accident, it. suffices to cite the case of *Wasmuth-Endicott Co.* v. *Karst* (1922), 77 Ind. App. 279, 133 N. E. 609, in which the following definition is quoted with approval: "An accident is any unlooked for mishap or untoward event not expected or designed." Applying this definition to the facts which the evidence in this case tend to establish, it is clear that appellant's condition is not the result of an accident, as it was not *an unlooked-for mishap or untoward event not expected.* He knew that the air in which he worked was impregnated with emery and metallic dust; that it was passing into his lungs and bowels; that it made others sick after they had worked in it for a time; that it was having an injurious effect on him from day to day, and on that account sought to have his work changed; that he was gradually growing worse, in fact, so much so, that he had to exert force in order to arouse enough energy to perform his duties. Such facts are sufficient to warrant an inference that he must have known that if he continued to work in such dust-ladened air, that he would finally reach a stage of disability. There was no showing that such dust at any time was thrown off, or entered appellant's body, in any unexpected manner,

or in any unusual quantity, so as to create a fortuitous circumstance. The very nature of the work being done, necessarily and not accidentally, caused the surrounding air to become dust-ladened, and to enter appellant's body in the course of natural processes. In the case of *Meade Fiber Corp.* v. *Starnes* (1922), 147 Tenn. 362, 247 S. W. 989, where the court was considering whether a disease, caused by breathing air impregnated with dust arising from a chemical used in the business in which an employe was engaged, was compensable as an injury by accident, the court said: "We cannot conceive that the breathing of dust caused to arise necessarily from the very work being performed, has in it any element of accident. The material being moved was in the form of dust. It was contained in sacks. The very nature of the material and its container, and the movement thereof, necessarily, and not accidentally, caused the dust to float in the air, and to be breathed by the workmen. There was no accident in the form of the material, its container, or method of movement. The escape of dust in its movement did not result from any fortuitous circumstance; it was necessarily incident thereto. It seems to us that the same reasons which exclude occupational diseases must apply here, and exclude an injury which is produced by the necessities of the occasion, in the absence of any accident entering into the cause of or as producing the particular occasion." See, also, *Young* v. *Melrose Granite Co.* (1922), 152 Minn. 512, 189 N. W. 426.

Appellant cites the case of *Wasmuth-Endicott Co.* v. *Karst, supra,* as controlling in the instant case, but we cannot concur in his contention in that regard. It will be observed in the case cited, that the taking of typhoid germs into the system of the employe was unintentional, and, in fact, was unknown at the time, and the injury resulting therefrom was unexpected, while,

in the instant case, the taking of the dust into appellant's body was both foreseen and realized by him from day to day, and he was aware of its evil effects upon his health and had reason to anticipate that more serious consequences would follow. These facts clearly distinguish the two cases, and hence we cannot accept the case cited as decisive in appellant's favor.

The award is, therefore, affirmed.