Scott & Howe Lumber Company and another, Appellants, vs. Industrial Commission of Wisconsin and another, Respondents.

*May 9—June 3, 1924.*

*Workmen's compensation: Findings of fact by industrial commission: Weight: Typhoid fever as result of accident.*

1. Where conditions surrounding a lumber camp were such as ordinarily attend a focus of typhoid-fever infection, and five men, including the applicant, were taken ill with that disease at the camp, a finding of the industrial commission that the employee contracted the disease while at the camp is affirmed. p. 278.
2. It is the province of the industrial commission, in proceedings under the workmen's compensation act, to draw inferences from evidentiary facts; and its determination is final unless there is an entire failure of evidence to support its findings. p. 278.
3. Typhoid fever may be the result of accident within the meaning of the workmen's compensation act. p. 278.

Appeal from a judgment of the circuit court for Dane county: E. Ray Stevens, Circuit Judge. *Affirmed.*

The cause was submitted for the appellants on the brief of *Brown, Pradt & Genrich* of Wausau, and for the respondent *Industrial Commission* on that of the *Attorney General* and *Mortimer Levitan*, assistant attorney general.

CROWNHART, J. This is an appeal from a judgment in an action under the compensation law. The respondent *Earl Koskalla* made application to the *Industrial Commission* for compensation by reason of an accident, resulting in typhoid fever, which he received while in the course of his employment with the appellant lumber company. Both parties were subject to the compensation law. It appears that the employee, *Koskalla,* was working for the appellant lumber company as a timekeeper in a camp located in Wisconsin, about twelve miles from Ironwood, Michigan. On October 28, 1922, the employee felt sick. On the 8th of November he went to bed because of sickness, and on the 10th of November he left the camp sick with typhoid fever. As a result of his illness he was disabled for a period of eighteen weeks. The evidence discloses that there were four other cases of typhoid fever shortly prior to and during the period *Koskalla* was sick, all from the same camp. It clearly appears from the evidence that there was a focus of infection at the camp. The proof is that typhoid fever comes from bacterial infection usually taken into the system from infected water or foods. The usual infection comes from contaminated water or contaminated food ordinarily carried from excreta by flies. There were open latrines near this camp; the weather was warm, and flies were numerous in the dining hall. They were to be found in the gravy and in the milk and around the food. Dr. Louis Dorpat, a deputy of the Wisconsin state board of health and a qualified physician, made an investigation of the camp to ascertain the cause of the typhoid fever. He testified before the *Commission* to the facts that he found. He was asked:

"From the facts elicited here, Doctor, isn't it a fair inference that these men contracted this typhoid fever at this place—time and place?" He answered: "Yes, I think it is."

The only other opportunity for exposure within the time of incubation of the employee was at Ironwood, but it ap-

pears from the testimony that there were no cases of typhoid in Ironwood except those that had come from the camp in question. It is unnecessary to go further into the evidence. This court has held that typhoid fever may be the result of accident within the meaning of the compensation law. *Vennen v. New Dells L. Co.* 161 Wis. 370, 154 N. W. 640. It is the province of the *Industrial Commission* to draw inferences from evidentiary facts, and in the field of inferences from such facts its action is final unless it appears that there is entire failure of evidence to support the findings. *Milwaukee Western F. Co. v. Industrial Comm.* 159 Wis. 635, 150 N. W. 998. It follows that the circuit court was correct in affirming the award of the *Industrial Commission.*

*By the Court.*—The judgment of the circuit court is affirmed, the appellant to pay the clerk's fees.