STACEY BROTHERS GAS CONSTRUCTION COMPANY *v.*
MASSEY.

[No. 14,267.   Filed March 30, 1931.]

*L. A. Krebs* and *James L. Murray,* for appellant.
*George S. Elliott,* for appellee.

CURTIS, J.—The full Industrial Board, on November 7, 1930, made an award to appellee, Oral Massey, against appellant Stacey Brothers Gas Construction Company, under the provisions of the Indiana Workmen's Compensation Act, for injuries alleged to have been received by appellee while in the employ of the appellant and as a result of an accident arising out of and in the course of his employment.   The facts are undisputed and briefly are as follows:   On June 3, 1930, appellee was in

the employ of appellant at an average weekly wage of $30, and, on that date, he received a personal injury by reason of his feet becoming blistered with what was described as "second-degree" burns of half the size of hen's eggs while he was engaged in placing hot rivets for appellant in a metal floor upon which he stood, which floor was exposed also to the hot rays of the sun. By reason of these injuries, there was a total disability for a period of time commencing June 3, 1930. The full board found the facts substantially as above set out and, in addition thereto, found that the injury was caused by reason of an accident arising out of and in the course of appellee's employment by the appellant. From the award made, appellant appeals to this court and, in its assignment of error, says "there is manifest error in the finding of facts and the award of the Industrial Board of Indiana in this cause, in this, namely: The award of the full Industrial Board of Indiana is contrary to law." Appellant defended below upon the ground that "the appellee's disability was not a personal injury by accident."

The only question presented is whether or not the injury complained of by appellee and for which award was made was caused "by accident arising out of and in the course of the employment" of appellee by the appellant, within the meaning of the Workmen's Compensation Act. If it was such an accident, then the award should be affirmed, otherwise reversed.

The words "by accident arising out of and in the course of the employment" as used in the Workmen's Compensation Act should be liberally construed in harmony with the humane purposes of the act. *Haskell, etc., Car Co.* v. *Brown* (1917), 67 Ind. App. 178, 117 N. E. 555; *Indian Creek Coal, etc., Co.* v. *Calvert* (1918), 68 Ind. App. 474, 119 N. E. 519, 120 N. E. 709, and cases cited.

The word "accident," as used in the Workmen's Compensation Act, has been construed by this court many times and has been repeatedly held to be used in ▇ its popular sense and means any mishap or untoward event not expected or designed. *Townsend Freeman Co.* v. *Taggart* (1924), 81 Ind. App. 610, 144 N. E. 556, and cases cited therein.

The evidence shows that the appellee was a boiler maker by trade and had been for 26 years, and that he was doing the work required of him by appellant and was driving hot rivets into metal sheets exposed to the hot sun and heated also by the rivets and that he was standing upon these sheets and that, about 4:20 o'clock p. m., he noticed his feet stinging, whereupon he descended from the sheets and found that his feet were blistered and that they had received "second-degree" burns. He had done similar work before without injury.

Was this a mishap or untoward event not expected or designed? In our opinion it clearly was. It follows, therefore, that the injury complained of and for ▇ which award was made was caused by accident arising out of and in the course of the employment of appellee by appellant within the meaning of the Workmen's Compensation Act and that the award of the Industrial Board should be affirmed and it is so ordered.

Award affirmed with 10 per cent penalty.