BREWER *v.* VEEDERSBURG PAVER COMPANY.

[No. 14,287. Filed June 25, 1931.]

 

*Bingham, Mendenhall & Bingham* and *William N. White*, for appellant.

*Forrest Wallace, Oliver W. McGaughey* and *W. E. Hart,* for appellee.

Curtis, J.—The appellant filed his claim with the Industrial Board of Indiana for compensation for an injury alleged to have been received by him in an accident while in the employ of the appellee. The full board denied him compensation, from which order he appealed to this court and assigned as error the following: (1) The award of the full board is contrary to law; (2) the award of the full board is not sustained by the evidence; (3) the award of the full board is contrary to the law and the evidence; and (4) the award of the full board is not fairly supported by the evidence, and is clearly against the weight of the evidence. The full board found that "on and prior to April 14, 1930, the defendant was engaged in the operation of a brick yard and kiln; that, as a part of the operation of said kiln, gas and smoke were conducted through a pipe or opening and forced by a fan into a drying kiln; that the plaintiff, by the terms of his employment, was required to and did work in a place at or near said drying kiln, and the vapor and gas which was forced into said drying kiln escaped into the place where the plaintiff worked and saturated the air; that plaintiff had been employed at said brick yard and kiln during the seasons when it was operated for about 14 years, and had been working at the particular place near said drying kiln, and in said escaping gas and vapor, for some period of time prior to the injury; that, on April 14,

1930, the same being Monday, the plaintiff, while engaged in said employment, became suffocated and sick from the inhalation of said vapor and gas, but continued to work at said employment until Friday, April 18, 1930, at which time he became disabled and ceased working. The board finds that the evidence fails to sustain the plaintiff's claim that the alleged injury was the result of an accident arising out of and in the course of his said employment, and the finding herein should be for the defendant."

The evidence discloses that the appellee conducts a brickyard near the city of Veedersburg, Indiana, and that, for approximately 12 or 14 years prior to the alleged injury, appellant had been employed as a laborer therein; the alleged injury by accident occurred on April 14, 1930; appellant had been working in that particular part of the factory where the alleged injury by accident occurred for about a year prior thereto; his duties consisted in oiling the roll around the belt, keeping certain screens open and dumping shale at odd times about the plant. The evidence further shows that bricks are made from wet shale and then placed in a drier or drying kiln; that the heat for drying the bricks is made outside the drying kiln in what is known as a "burning kiln" or "dummy" and the heat is piped into the drier through a large pipe called a "goose neck"; the heat from the burning kiln is forced from the burning kiln into the drier by a large fan; the drier is located in and is a part of the factory building, and the heat, smoke, gas, dust and dirt forced into the drier by the draft from the large fan constantly escape from the drier into the other parts of the factory; on Monday, April 14, 1930, the appellant was working in the factory at the place in which he had been accustomed to work almost a year and he says the smoke and gas were bad, that the smoke and gas were blue, but he also says that the smoke and gas were just

about as bad on other previous days; he noticed a shortening of breath but he worked throughout the day and quit at 5 p. m.; he also worked as usual on his job the next day, which was Tuesday, and continued to work each day until the usual closing time up to and including the following Friday. On Friday night, he called a doctor at about 8 or 9 o'clock, who administered a hypodermic and who came back again on the following day and administered the same treatment; after that time, appellant called several times at the doctor's office. On cross-examination, the appellant testified that he knew of other persons who had been made sick by breathing the gas, smoke and dust while working at the brick kiln. Since said sickness, the appellant has been unable to do any work.

The doctor who attended the appellant testified that, when he first visited the appellant, he found him in bed and that he was having trouble getting his breath and was choking and coughing. The doctor further testified: "I think he told me he had been working in gas. I thought at first he had pneumonia but he didn't have any cold, he had trouble in getting his breath, no fever. The trouble was in the bronchial tubes." On the next visit, the next day, the doctor said he found the same condition and he administered some more morphine. He said the respiration of appellant was very rapid and that indicated a "proliferate case of bronchitis;" that appellant was not getting normal inhalation, and that the lung cells have thickened to a point where they do not admit the normal amount of air. He said he had never seen a case like this one.

The evidence shows that appellant had worked for appellee 12 or 14 years, and that he had been working at the particular job for almost a year at which he was working when he became sick; that in the factory there were always smoke and gas present, more at times than

at other times, but they were always there and could be seen, and that appellant knew of this smoke and gas and had talked with the foreman about it.

Section 73 of the Indiana Workmen's Compensation Act, Acts 1929 p. 536, ch. 172, §73, provides that "'injury' and 'personal injury' shall mean only injury by accident arising out of and in the course of the employment and shall not include a disease in any form except as it shall result from the injury." Some of the states, in their compensation acts, omit the words "by accident" following the word "injury," and, therefore, their decisions are necessarily not applicable in our state. Our state has followed the English statutes which require the injury to be "by accident." The English statutes of today, however, have been amended to include certain kinds of occupational diseases. Others of our states, particularly Massachusetts, make occupational diseases compensable. Care must, therefore, be exercised in following compensation cases in other jurisdictions unless we are sure that their statutes are similar to our own. So far as we are able to discover, however, all the states with statutes similar to our statute, are unanimous in holding that, in order for a disease to be compensable, it must arise "by accident," that is, it must have been caused by some fortuitous, unusual, untoward, not foreseen, not designed, not anticipated event. Accident has been repeatedly defined by this court as a mishap or untoward event, not expected or designed. See *Townsend & Freeman Co.* v. *Taggart* (1924), 81 Ind. App. 610, 144 N. E. 556; *Stacey Brothers Gas Construction Co.* v. *Massey* (1931), *ante* 348, 175 N. E. 368.

In *Moore* v. *Service Motor Truck Co.* (1924), 80 Ind. App. 668, 142 N. E. 19, it was held that an accident within the meaning of the Workmen's Compensation Law is an unlooked for mishap or untoward event not expected or designed, and, in that case, it was held not

to include sickness caused by accumulation in the claimant's stomach and bowels of emery and metallic dust thrown off from a grinding and buffing machine at which the employee worked, the dust impregnating the air so that it passed into his mouth and was swallowed, where the employee knew that the dust was passing into his stomach and bowels and making him sick and that it made other employees sick.

Applying the principles announced heretofore to the facts of this case, we do not believe that the appellant's sickness is compensable under our law. He had worked for appellee under conditions similar to the conditions testified to for almost a year, and had worked in appellee's brickyard 12 or 14 years. The smoke and gas were visible to his sight on previous days as well as on the day of his injury. He knew that they must enter his lungs and that they made others sick. There is no evidence that this smoke and gas were thrown into the room where the appellant worked in any unexpected manner or that either smoke or gas entered his body in any unexpected or unlooked for manner, or in any greatly unusual quantity. The very nature of the work being done in the brick factory necessarily and not accidentally caused the air to become smoke-and-gas-laden and to enter the appellant's body in the course of natural processes. The evidence fully sustains the finding and order of the Industrial Board.

Award affirmed.

Kime, J., concurs in result.